IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RANDALL LAKEFISH**,

        Plaintiff,

vs.

**CERTEGY PAYMENT RECOVERY SERVICES, INC.**,

        Defendant.

Civil Case No. 10-1506-KI

OPINION AND ORDER

    Randall Lakefish
    2614 NE 32nd Place
    Portland, Oregon  97212

        Pro Se Plaintiff

    Robert M. Snee
    5956 SE 111th Avenue
    P.O. Box 16866
    Portland, Oregon  97292

        Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Pro se plaintiff Randall Lakefish alleges a claim under the Fair Debt Collection Practices Act. Before the court is Defendant's Motion for Order to Make More Definite Statement (#4).

## DISCUSSION

Lakefish originally filed this case in the Small Claims Department of the Multnomah County Circuit Court. He used a form titled Small Claim and Notice of Small Claim provided by the court. Other than information on names and addresses of parties, the court's instructions on how the defendant may respond, and a paragraph swearing to the truth of the information, the claim states in full: "I, Plaintiff, claim that on or about June 17, 2010, the above-named defendant(s) owed me the sum of $7500.00, and this sum is still owing for (reason) Violations of the Fair Debt Collection Practices Act. I have incurred fees of $86.50 and service expenses of $12.00."

Defendant removed the action to this court and now ask me to require Lakefish to make a more definite statement under Federal Rule of Civil Procedure 12(e). Under Rule 12(e): "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

I agree with defendant that the current Complaint does not allow it to prepare a response because it gives no facts explaining how defendant violated the Fair Debt Collection Practices Act. Accordingly, I grant the motion and require Lakefish to file a more definite statement which explains the facts underlying the violations of the act, including the debt being collected, whether the violations were in person, by phone, or in documents, what specific conduct violated the act,

and how the damages were calculated.  If any conduct occurred on dates other than June 17, 2010, Lakefish must also provide all known dates or approximate dates.

## CONCLUSION

Defendant's Motion for Order to Make More Definite Statement (#4) is granted. Lakefish must file a more definite statement by January 7, 2011.  If he fails to do so, I will strike the Complaint and dismiss this action.

IT IS SO ORDERED.

Dated this _____16th_____ day of December, 2010.

                                                  /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge