IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RANDALL LAKEFISH**,

          Plaintiff,

vs.

**CERTEGY PAYMENT RECOVERY SERVICES, INC.**,

          Defendant.

Civil Case No. 10-1506-KI

OPINION AND ORDER

    Randall Lakefish
    2614 NE 32nd Place
    Portland, Oregon  97212

        Pro Se Plaintiff

    Robert M. Snee
    5956 SE 111th Avenue
    P.O. Box 16866
    Portland, Oregon  97292

        Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Randall Lakefish filed this action against Certegy Payment Recovery Services, Inc. ("CPRS") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g. Lakefish originally filed his claim in the Small Claims Department of Multnomah County Circuit Court, using the brief form available from the court. CPRS removed the action, and I granted its motion for a more definite statement. Lakefish filed an Amended Complaint on December 17, 2010. Before the court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, Motion to Strike (#8).

## ALLEGED FACTS

I am mindful of my obligation to construe a *pro se* plaintiff's pleadings liberally and afford the person the benefit of any doubt. Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001). I cull the following two claims from Lakefish's Amended Complaint and the exhibits attached to it:

Claim One–a violation of § 809(a) of the FDCPA, 15 U.S.C. § 1692g(a), for failing to send within five days of the initial phone call on June 1, 2010,[1] a written notice containing information specified in the statute.

Claim Two–a violation of § 809(b) of the FDCPA, 15 U.S.C. § 1692g(b), for telephoning Lakefish six times between June 10 and June 17, after Lakefish asked not to be contacted until CPRS sent him verification of the debt.

---

[1] All events occurred in 2010.

Page 2 - OPINION AND ORDER

**LEGAL STANDARDS**

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted). The Court elaborated on Twombly in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Id. at 1949 (quoting Twombly). The court should not accept as true allegations which are legal conclusions. Id. at 1949-50.

Normally, the review is limited to the complaint and allegations of material fact are viewed in the light most favorable to the non-moving party. Diaz v. Int'l Longshore and Warehouse Union, Local 13, 474 F.3d 1202, 1205 (9th Cir. 2007). The court can disregard "allegations contradicting documents that are referenced in the complaint." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

///

///

Page 3 - OPINION AND ORDER

## DISCUSSION

I.   <u>Written Notice</u>

In Claim One, Lakefish alleges CPRS violated 15 U.S.C. § 1692g(a) for failing to send within five days of the initial phone call on June 1, a written notice containing information specified in the statute.  The statute states:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

CPRS argues it sent the notices required by § 1692g(a) prior to making any phone calls to Lakefish and mailed the notices a second time on June 10, when he informed CPRS that he had not received anything earlier.

Lakefish attached to his Amended Complaint letters from CPRS, dated May 17 and May 27, which concern two nonsufficient funds checks of $47.57 and $83.95.  The letters

Page 4 - OPINION AND ORDER

contain all of the information required by § 1692g(a), including the total amounts due after adding in the returned check fees of $25.00, the check dates, that the merchant was Kinko's 0995, and the legal notifications required by § 1692g(a)(3), (4), and (5). Both letters are sufficient to be the written notices required by § 1692g(a) and are CPRS's first communication to Lakefish for each debt because CPRS mailed the notices prior to the first phone call on June 1.

The issue is that Lakefish states in an email dated June 8, that he never received the first mailings on May 17 and May 27. In response to this email, CPRS sent the notices again on June 10. CPRS sent both mailings to the address Lakefish used to file this action.

Section 1692g(a) requires only that a notice be "sent" by the debt collector. The act does not require the debt collector to establish that the debtor actually received the notice. Mahon v. Credit Bureau of Placer County Inc., 171 F.3d 1197, 1201 (9th Cir. 1999). Thus, even though Lakefish claims he never received the May 17 and May 27 notices, CPRS satisfied its obligation under § 1692g(a) because it is undisputed that the company sent them, as shown by exhibits Lakefish attached to the Amended Complaint. Accordingly, I dismiss Claim One for failing to allege facts on which relief can be granted.

II.     Telephone Calls

In Claim Two, Lakefish alleges that CPRS violated 15 U.S.C. § 1692g(b) for telephoning him six times between June 10 and June 17, after he asked not to be contacted until he received verification of the debt. The statute states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or

Page 5 - OPINION AND ORDER

>a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

CPRS contends that its phone calls to Lakefish between June 10 and June 17 did not violate the FDCPA because his June 8 email does not constitute a written notice of dispute or request for the name and address of the original creditor, triggering the protection of § 1692g(b).

In the email, Lakefish stated:

>Mr. Kennedy,
>
>We have been receiving innumerable telephone calls from your organization requesting that we make contact with you.
>
>Unfortunately, I am unaware of any correspondance [sic] sent by Certegy Payment Recovery Services, Inc. concerning the matter that warrants these calls.
>
>If you are communicating about an account, please forward notification to the address of [Lakefish's address].

Am. Compl. Attach, at 24.

Section 1692g(b) requires CPRS to cease collection of the debt if Lakefish sends CPRS written notification that "the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor." The first two sentences of Lakefish's email do not trigger the FDCPA's protection because they only state that he has been receiving phone calls from CPRS and he is unaware of any correspondence from the company.

The issue is whether Lakefish's request–that if CPRS is communicating about an account, to please "forward notification" to him at his address–triggers § 1692g(b).  I cannot interpret that sentence to mean that Lakefish disputes any part of the debt because he stated that he is unaware of the subject matter of the calls.  He asks for notification of the account at issue.

Nevertheless, Congress drafted the FDCPA to "level the playing field between debtors and debt collectors."  Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).  Courts analyze some sections of the Act based on the least sophisticated debtor standard.  Id. (§§ 1692e, 1692f).  In light of this interpretation of the FDCPA, I find that Lakefish's request for notification about the account could be a request for the name and address of the original creditor.  Such request would trigger CPRS's obligation to cease collection activities until it mails the information, which CPRS did when it re-sent the letters on June 10.  Lakefish only complains of phone calls made between June 10 and June 17.  CPRS was free, then, to resume collection activities on June 10.  Thus, based, on the attachments to the Amended Complaint, I also dismiss Claim Two for failing to allege facts on which relief can be granted.

Although Lakefish did not seek leave to amend his complaint a second time, I have considered whether an amendment would be futile.  He appears to have attached all communications between the entities to his Amended Complaint.  I do not see how the facts of his case could lead to a violation of the FDCPA, and thus I will not allow him another amendment.

///


///

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative, Motion to Strike (#8) is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this      4th      day of April, 2011.


                                              /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge